

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-22-00412-CR & 04-22-00413-CR

Paul **YBARRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2020CR6360 and 2020CR6362
Honorable Laura Lee Parker, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: August 28, 2024

AFFIRMED

Paul Ybarra appeals his convictions for deadly conduct in trial court cause number 2020CR6360 and aggravated assault with a deadly weapon in trial court cause number 2020CR6362. On appeal, he contends the trial court erred by failing to conduct an "ability-to-pay" inquiry on the record as required by article 42.15(a-1) of the Texas Code of Criminal Procedure. We affirm the judgments of conviction.

## BACKGROUND

A jury found Ybarra guilty of deadly conduct in trial court cause number 2020CR6360 and aggravated assault with a deadly weapon in trial court cause number 2020CR6362. Ybarra elected to have the trial court determine his sentences, and the cases proceeded to a punishment hearing. At the hearing, Ybarra pleaded "true" to the enhancement paragraphs alleged in the indictments of both cases, and the trial court heard evidence from both Ybarra and the State. The trial court then assessed punishment at imprisonment for forty years on each case to run concurrently. The written judgments for each case contained the forty-year sentences and required Ybarra to pay court costs in the combined amount of $775.00.

Ybarra appealed, and pursuant to *Anders v. California*, 386 U.S. 738 (1967), Ybarra's first court-appointed appellate attorney filed a brief concluding the appeals were frivolous and without merit. *See Ybarra v. State*, No. 04-22-00412-CR, 2024 WL 349293, at *1 (Tex. App.—San Antonio Jan. 31, 2024, no pet.) (mem. op., not designated for publication). After reviewing the *Anders* brief and the records, we determined a non-frivolous ground for appeal existed. *Id.* Specifically, we concluded the records raised questions about whether the trial court erred by failing to make an "ability-to-pay" inquiry on the record regarding the defendant's ability to pay court costs. *See id.* (citing *Almeida v. State*, No. 04-22-00669-CR, 2024 WL 172588, at *1–3 (Tex. App.—San Antonio Jan. 17, 2024, no pet.) (per curiam) and TEX. CODE CRIM. PROC. art. 42.15(a-1)). We therefore abated the appeals and remanded the cases to the trial court for appointment of new appellate counsel. *Id.*

## ANALYSIS

Ybarra's newly appointed appellate counsel filed a brief arguing the mandatory language of article 42.15(a-1) required the trial court to make an inquiry on the record as to "whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs."

According to Ybarra, he was not required to preserve this complaint for appeal, and we should remand the cases to the trial court so the trial judge may perform the statutorily required "ability-to-pay" inquiry. He further contends without a hearing, he "cannot truly brief this court on the issue of court costs." In response, the State contends Ybarra failed to preserve this complaint for appellate review and remanding the cases to the trial court "for a gratuitous inquiry" "would amount to an unnecessary exercise and a waste of judicial resources."

### *"Ability-to-Pay" Inquiry on the Record*

Article 42.15(a-1) of the Texas Code of Criminal Procedure states, in pertinent part:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

TEX. CODE CRIM. PROC. art. 42.15(a-1) (emphasis added). The "on the record" language "was added by amendment effective September 1, 2021." *Sloan v. State*, 676 S.W.3d 240, 241 (Tex. App.—Tyler 2023, no pet.); *see* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1, eff. Sept. 1, 2021 (codified as TEX. CODE CRIM. PROC. art. 42.15(a-1)). The article further provides if the trial court determines "the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs," then the trial court "shall determine whether the fine and costs should be . . . required to be paid at some later date or in a specified portion at designated intervals," "discharged by performing community service," "waived in full or in part," or "satisfied through any combination of methods [above]." TEX. CODE CRIM. PROC. art. 42.15(a-1) (1)-(4).[1]

---

[1] We note effective September 1, 2023, article 42.15 was amended to add a defendant may waive the "ability-to-pay" on the record inquiry, and at no point does Ybarra argue this added language applies retroactively. *See* TEX. CODE CRIM. PROC. art. 42.15(a-2); *see* Act of May 28, 2023, 88th Leg., R.S., ch. 861, § 12.005, eff. Sept. 1, 2023 (codified as TEX. CODE CRIM. PROC. art. 42.15(a-2)).

### *The Record*

Here, there is nothing in the record showing Ybarra presented his complaint to the trial court before raising it for the first time on appeal. At the end of the punishment hearing, the trial court pronounced its sentence and asked Ybarra whether there was any legal reason why the sentence could not be imposed. At no point during or immediately after the imposition of his sentence did Ybarra raise a complaint regarding the trial court's failure to make an "ability-to-pay" inquiry on the record.

### *No Harm Has Occurred*

We express no opinion as to whether Ybarra was required to preserve this complaint for appeal because even assuming he could raise this complaint for the first time on appeal, no harm has occurred. "[W]hen, [as in this case,] only a statutory violation is claimed, the error must be treated as non-constitutional for the purpose of conducting a harm analysis." *See Proenza v. State*, 541 S.W.3d 786, 801 (Tex. Crim. App. 2017). Under Texas Rule of Appellate Procedure 44.2(b), "the non-constitutional standard for reversible error in criminal cases, requires that '[a]ny other [non-constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.'" *Id.* (alterations in original) (quoting TEX. R. APP. P. 44.2(b)). "An error affects substantial rights only if it has a substantial or injurious effect in determining the jury's verdict." *Becerra v. State*, 685 S.W.3d 120, 144 (Tex. Crim. App. 2024).

Here, the trial court's failure to conduct an "ability-to-pay" inquiry on the record is harmless because the statute plainly provides the required inquiry would take place "during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court." Therefore, the trial court's failure to make the inquiry could not have had any substantial injurious effect or influence in determining the jury's verdict. *See id*. We therefore conclude Ybarra was not harmed.

### *Remand is Not Necessary*

Additionally, one of our sister courts has concluded a remand is not necessary. *See Sloan*, 676 S.W.3d at 241–42. In *Sloan v. State*, the Tyler court was presented with a similar issue, and it assumed error, concluding the trial court had determined the appellant was indigent. *Id*. at 242 ("Indeed, even in light of the trial court's failure to conduct the on-the-record inquiry mandated by Article 42.15(a-1), the result of such an inquiry, had it occurred, already is apparent from the record."). The court explained in addition to requiring the trial court to make an "on the record" inquiry, article 42.15(a-1) states if a trial court determines a defendant is indigent, then it "'shall determine whether the fine and costs should be[,]' among other options, 'required to be paid at some later date[.]'" *Id.* (alterations in original) (quoting TEX. CODE CRIM. PROC. art. 42.15(a-1)(1)). It then pointed out the trial court's judgment was consistent with article 42.15(a-1)(1) because it ordered the appellant to pay his court costs upon his release from confinement. *Id*. And, therefore, "it [was] apparent from the record that, despite [the trial court's] failure to conduct an on-record inquiry about Appellant's ability immediately to pay his fine and court costs, it must have determined that Appellant did not have sufficient resources or income [to] immediately pay all or part of the fine and costs." *Id.* Accordingly, "remanding the cause for a gratuitous inquiry when the resultant determination already is apparent from the record would amount to an unnecessary exercise and a waste of judicial resources." *Id.*

We, as do an increasing number of our sister courts, find *Sloan* instructive. *See id.*; *Polanco v. State*, 690 S.W.3d 421, 434 (Tex. App.—Eastland 2024, no pet. h.); *Jones v. State*, 691 S.W.3d 671, 680 (Tex. App.—Houston [14th Dist.] Feb. 29, 2024, no pet.). Here, the trial court found Ybarra indigent and ordered him to pay court costs upon his release from confinement in

accordance with article 42.15(a-1)(1). *See* TEX. CODE CRIM. PROC. art. 42.15(a-1)(1).[2] Thus, as in *Sloan*, a remand for an "ability-to-pay" inquiry would amount to an unnecessary exercise and waste of judicial resources. *See Sloan*, 676 S.W.3d at 242. Accordingly, we overrule Ybarra's sole issue on appeal.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgments of conviction.

Luz Elena D. Chapa, Justice

Do Not Publish

---

[2] We further note, like the appellant in *Sloan,* Ybarra has not argued the trial court's determination to pay court costs at some later date amounts to error. Even if he had, article 43.035(a) provides Ybarra with an opportunity to seek relief from the trial court if, upon his release, he is unable to pay the ordered court costs. *See* TEX. CODE CRIM. PROC. art. 43.035(a) (providing if defendant has difficulty paying costs in compliance with judgment, trial court shall hold hearing to determine what portion of judgment imposes undue hardship and if such undue hardship exists, determine whether fine and costs can be satisfied by another method outlined in Texas Code of Criminal Procedure, article 42.15(a-1)(1)-(4)).